IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD G. WILLIAMS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-637-JJF |
| CORRECTIONAL MEDICAL SERVICES, FIRST CORRECTIONAL MEDICAL, DELAWARE CORRECTIONAL CENTER MEDICAL DEPARTMENT, DELAWARE CORRECTIONAL CENTER MEDICAL GRIEVANCE COMMITTEE, DCC MEDICAL RESPONDER TO SICK CALL REQUEST SLIP, DCC INMATE GRIEVANCE COMMITTEE, CONTRACTED HEALTH SERVICES, COMMISSIONER CARL DANBERG, STANLEY TAYLOR, WARDEN THOMAS CARROLL, GOVERNOR RUTH ANN MINNER, ATTORNEY GENERAL BEAU BIDEN, OLD CORRECTIONAL SERVICES, OFFICE OF INFORMATION ON INMATE MEDICAL SERVICES, JUDGE JOSHUA W. MARTIN, III, JANE DOES AND JOHN DOES, | : |
| Defendants. | : |

**FILING FEE ORDER**

1.  Plaintiff, Edward G. Williams, SBI #350587, a pro se litigant who is presently incarcerated, filed this action pursuant to 42 U.S.C. § 1983 without prepayment of the filing fee. Court records reflect that Plaintiff is also known as Edward X. Williams, James Brown, James G. Brown, and James Garnell Brown.

2.  The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment

in a civil action <u>in forma pauperis</u> if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". <u>Keener v. Pennsylvania Bd. of Probation & Parole</u>, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury.

    3. Plaintiff, while incarcerated, has filed at least three civil actions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted as follows: <u>Brown v. Perillo</u>, No. 93-7117 (3d Cir. Apr. 22, 1993); <u>Brown v. Snyder</u>, Civ. Action No. 93-156-JJF (D. Del. Mar. 26, 1993); <u>Brown v. Ruth</u>, Civ. Action No. 93-097-SLR (D. Del. Feb. 24, 1993); <u>Brown v. Chapman</u>, Civ. Action No. 92-744-LON (D. Del. Jan. 28, 1993); <u>Brown v. Perillo</u>, Civ. Action No. 92-405-JJF (D. Del. Jan. 15, 1993); <u>Brown v. Meyers</u>, Civ. Action No. 92-592-SLR (D. Del. Oct. 16, 1992); <u>Brown v. Capone</u>, Civ. Action No. 92-591-SLR (D. Del. Oct. 16, 1992); <u>Brown v. Letang</u>, Civ. Action No. 92-423-SLR (D. Del. July 20, 1992); and <u>Brown v. Letang</u>, Civ. Action No. 92-422-SLR (D. Del. July 20, 1992). After reviewing the Complaint the Court determines that Plaintiff has adequately

alleged that at time of the filing of the Complaint he was under imminent danger of serious physical injury. See Williams v. Forte, No. 04-2071, 135 Fed. Appx. 520 (3d Cir. 2005); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001).

4. Consistent with 28 U.S.C. § 1915(a)(1), Plaintiff has submitted an affidavit stating that he has no assets with which to prepay the filing fee. Based on Plaintiff's affidavit, his request to proceed in forma pauperis is granted. (D.I. 1.) Pursuant to 28 U.S.C. § 1915(b), Plaintiff shall be assessed the filing fee of $350.00. The Court has determined that **Plaintiff has no assets and no means to pay the initial partial filing fee, nevertheless, any money Plaintiff later receives will be collected in the manner described below.**

5. Plaintiff shall, within thirty days from the date this Order is sent, complete and return to the Clerk of Court, the attached Authorization Form allowing the agency having custody of him to forward all payments required by 28 U.S.C. § 1915(b)(2) to the Clerk of the Court. **FAILURE OF PLAINTIFF TO RETURN THE AUTHORIZATION FORM TO THE CLERK OF COURT WITHIN THIRTY DAYS FROM THE DATE THIS ORDER IS SENT SHALL RESULT IN DISMISSAL OF THIS ACTION.**

6. Plaintiff shall be required to make monthly payments of 20 percent (20%) of the preceding month's income credited to the plaintiff's prison trust account and absent further order of the

Court, the Warden or other appropriate official at Delaware Correctional Center, or at any prison at which Plaintiff is or may be incarcerated, shall forward payments from his account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the filing fee is paid. **NOTWITHSTANDING ANY PAYMENT MADE OR REQUIRED, THE COURT SHALL DISMISS THE CASE IF THE COURT DETERMINES THAT THE ACTION IS FRIVOLOUS OR MALICIOUS, FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, OR SEEKS MONETARY RELIEF AGAINST A DEFENDANT WHO IS IMMUNE FROM SUCH RELIEF.**

DATED: October 30, 2007

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD G. WILLIAMS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-637-JJF |
| CORRECTIONAL MEDICAL SERVICES, FIRST CORRECTIONAL MEDICAL, DELAWARE CORRECTIONAL CENTER MEDICAL DEPARTMENT, DELAWARE CORRECTIONAL CENTER MEDICAL GRIEVANCE COMMITTEE, DCC MEDICAL RESPONDER TO SICK CALL REQUEST SLIP, DCC INMATE GRIEVANCE COMMITTEE, CONTRACTED HEALTH SERVICES, COMMISSIONER CARL DANBERG, STANLEY TAYLOR, WARDEN THOMAS CARROLL, GOVERNOR RUTH ANN MINNER, ATTORNEY GENERAL BEAU BIDEN, OLD CORRECTIONAL SERVICES, OFFICE OF INFORMATION ON INMATE MEDICAL SERVICES, JUDGE JOSHUA W. MARTIN, III, JANE DOES AND JOHN DOES, | : |
| Defendants. | : |

**AUTHORIZATION**

I, Edward G. Williams, SBI #35087, request and authorize the agency holding me in custody to disburse to the Clerk of the Court all payments pursuant to 28 U.S.C. § 1915(b) and required by the Court's Order dated October___, 2007.

This authorization is furnished to the Clerk of Court in connection with the filing of a civil action, and I understand that the filing fee for the complaint is $350.00. I also

understand that the entire filing fee may be deducted from my trust account regardless of the outcome of my civil action. This authorization shall apply to any other agency into whose custody I may be transferred.

Date: _____, 2007.

_____
Signature of Plaintiff

2