IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD G. WILLIAMS, | : |
| | : |
| v. | : Civil Action No. 07-637-JJF |
| | : |
| CORRECTIONAL MEDICAL SERVICES, FIRST CORRECTIONAL MEDICAL, DELAWARE CORRECTIONAL CENTER MEDICAL DEPARTMENT, DELAWARE CORRECTIONAL CENTER MEDICAL GRIEVANCE COMMITTEE, DCC MEDICAL RESPONDER TO SICK CALL REQUEST SLIP, DCC INMATE GRIEVANCE COMMITTEE, CONTRACTED HEALTH SERVICES, COMMISSIONER CARL DANBERG, STANLEY TAYLOR, WARDEN THOMAS CARROLL, GOVERNOR RUTH ANN MINNER, ATTORNEY GENERAL BEAU BIDEN, OLD CORRECTIONAL SERVICES, OFFICE OF INFORMATION ON INMATE MEDICAL SERVICES, JUDGE JOSHUA W. MARTIN, III, JANE DOES AND JOHN DOES, LEVENTE SZALAI, RAPHAEL CACCESE, DR. OTT, DR. VANDUSEN and GUARDS-C/O'S OF DCC TRANSPORTATION, | : |
| Defendants. | : |

Edward G. Williams, Pro se Plaintiff. Delaware Correctional Center, Smyrna, Delaware.

**MEMORANDUM OPINION**

April 29, 2008
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff Edward G. Williams ("Plaintiff"), an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4.)

For the reasons discussed below, the Court will dismiss the claims against Delaware Correctional Center Medical Department, Delaware Correctional Center Medical Grievance Committee, DCC Medical Responder to Sick Call Request Slips, DCC Inmate Grievance Committee, Contracted Health Services, Stanley Taylor, Governor Ruth Ann Minner, Office of Information on Inmate Medical Services, Joshua W. Martin, III, Jane and John Does, Dr. Levente Szalai, Dr. Raphael Caccese, Dr. Vandusen, and Guards-C/O's of DCC Transportation for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The Court will allow Plaintiff to proceed against Defendants Correctional Medical Services, First Correctional Medical, Commissioner Carl Danberg, Warden Thomas Carroll, Attorney General Beau Biden, Old Correctional Services, and Dr. Ott.

I.   **THE COMPLAINT**

Plaintiff filed his original Complaint, followed by an amendment, pursuant to 42 U.S.C. § 1983 (D.I. 2, 6.) He alleges

that he was seen by Defendant Dr. Levente Szalai ("Dr. Szalai") on October 17, 2005, because he suffers from daily pain, constipation, bloody bowel movements, hemorrhoids, abdominal hernia pain, and he "might have colon cancer." (D.I. 2, ¶ IV.) Dr. Szalai recommended an immediate colonoscopy and an abdominal hernia repair. (Id.) Plaintiff alleges that he has yet to undergo the colonoscopy or have the abdominal hernia repair. Plaintiff alleges that he has submitted numerous sick call slips and filed numerous medical grievances and that he has written letters to Defendants Old Correctional Medical Services ("Old CMS"), First Correctional Medical, Inc. ("FCM"), DCC Medical Department ("DCC Medical"), Delaware Correctional Center Medical Grievance Committee ("DCC Medical Grievance Committee"), Delaware Department of Correction Commissioner Carl Danberg ("Commissioner Danberg"), former DCC Warden Thomas Carroll ("Warden Carroll"), Governor Ruth Ann Minner ("Governor Minner"), Delaware Attorney General Beau Biden ("Biden"), Office of Information on Inmate Medical Services Correctional Medical Services ("Office of Information"), and DCC prison authorities. A letter was also sent to Independent Monitor Joshua W. Martin ("Martin").

Plaintiff alleges that out of nine authorities, only Governor Minner responded. Plaintiff alleges that the foregoing Defendants are aware of his medical condition, that he is being denied proper medical treatment, and that Defendants are

deliberately indifferent to his serious medical needs.

Plaintiff's Amended Complaint adds as Defendants Dr. Szalai and Dr. Raphael Caccese, Jr. ("Dr. Caccese") because they are giving "contrary - conflicting" opinions. (D.I. 6.) Plaintiff alleges that Drs. Szalai and Caccese made fraudulent misdiagnoses that he does not have an abdominal hernia when same is evidenced by a CT scan.

The Amended Complaint adds as Defendants any Jane and John Doe Defendants "that may come up in discovery" and Defendants Guards and C/O's of DCC Transportation, who, Plaintiff alleges, purposely denied him transportation to medical treatment outside of the DCC.

It also adds as a Defendant Dr. Vandusen ("Dr. Vandusen"). Plaintiff alleges that Dr. Vandusen diagnosed him as having a hernia and that he advised Plaintiff that Defendant Correctional Medical Services ("CMS") denied Plaintiff the surgery on the basis that Plaintiff's condition is non-medical. Plaintiff alleges that Dr. Vandusen refused to provide Plaintiff with the dates that CMS denied the surgery. Finally, Plaintiff alleges that Dr. Ott thought Plaintiff had been transferred to a different DOC institution and had his medical file transferred there.

Plaintiff seeks appointed counsel. He asks for compensatory and punitive damages and declaratory and injunctive relief and

specifically requests that he be sent to see an outside physician and a different radiologist.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the Complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing

that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. at 235 (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 234. "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for

-5-

enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. ANALYSIS

#### A.  42 U.S.C. § 1983

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff names John and Jane Doe as Defendants in the event that they "come up in discovery." The allegations against the Doe Defendants do not rise the level of a constitutional violation, and, therefore, the Court will dismiss the claims against the Doe Defendants as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

#### B.  Persons

Plaintiff names the DCC Medical Department, the DCC Medical Grievance Committee, the DCC Inmate Grievance Committee, and the Office of Information as Defendants. To state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a

constitutional right, privilege or immunity by a person acting under color of state law. See Daniels v. Williams, 474 U.S. 327, 330 (1986). Plaintiff's claims against the foregoing DCC Defendants are barred by Will v. Michigan Department of State Police, 491 U.S. 58, 69 (1989), which holds that neither states nor state officials sued in their official capacities for money damages are "persons" within the meaning of § 1983. See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). Moreover, the Complaint and its Amendment contain no allegations against Defendant DCC Inmate Grievance Committee.[1] Accordingly, the Court will dismiss the claims against Defendants DCC Medical Department, the DCC Medical Grievance Committee, the DCC Inmate Grievance Committee, and the Office of Information as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

---

[1] Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. Booth v. King, 346 F. Supp. 2d 751,761(E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. Burnside v. Moser, No. 04-4713, 138 Fed. Appx. 414, 416(3d Cir. 2005) (citations omitted); Robinson v. Taylor, 204 Fed. Appx. (3d Cir. 2006). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. Hoover v. Watson, 886 F. Supp. 410, 418-419 (D. Del.), aff'd 74 F.3d 1226 (3d Cir. 1995). Hence, Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were denied or not properly processed.

### C. Personal Involvement

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Additionally, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)).

Plaintiff names as Defendants DCC Medical Responder To Sick Call Request Slips ("DCC Medical Responder"), Contracted Health Services ("Contracted Health"), and former DOC Commissioner Stanley Taylor ("Taylor"). The Complaint and its Amendment, however, contain no allegations against three of these four Defendants. While Plaintiff alleges that Guards and C/O's of DCC Transportation purposely denied him transportation to medical treatment outside of the DCC, Plaintiff gives no hint when or where the alleged action took place or if Plaintiff was scheduled to receive outside medical treatment. The claims lack an arguable basis in law or in fact and, therefore, the Court will dismiss them as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D.  Medical Needs

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. Harrison v. Barkley, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. Estelle v. Gamble, 429 U.S. 97, 107 (1976). Moreover,

allegations of medical malpractice are not sufficient to establish a Constitutional violation. <u>White v. Napoleon</u>, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); <u>see also</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. See <u>Spruill v. Gillis</u>, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

    Plaintiff's claims against the following Defendants fail to state an actionable constitutional claim for deliberate indifference to a serious medical need. For example, Plaintiff alleges that he received treatment from Drs. Szalai and Caccese, but that they have misdiagnosed his medical problems. These allegations fall under the aegis of a medical malpractice/ negligence claim, rather than deliberate indifference to a serious medical need. Similarly, Plaintiff's claim against Dr. Vandusen fails to allege a constitutional violation. Plaintiff alleges that Dr. Vandusen would not provide him with the dates that CMS allegedly refused to approve Plaintiff for surgery. This allegation speaks to a discovery issue, not a constitutional violation. Finally, the allegations against Governor Minner do not allege deliberate indifference. The allegations are that, rather than exhibiting deliberate indifference, Governor Minner responded to Plaintiff's letter and referred it to Commissioner

Danberg for further attention.

Based upon the foregoing, the Court will dismiss the claims against Defendants Dr. Szalai, Dr. Caccese, Dr. Vandusen, and Governor Minner for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**E.   State Actor**

Joshua W. Martin, III ("Martin"), is a named Defendant. Martin, an attorney in private practice, and a former Delaware Superior Court Judge, agreed to serve as an independent monitor to monitor the DOC's compliance with a Memorandum of Agreement entered into between the United States Department of Justice and the State of Delaware regarding certain DOC institutions.

To state a claim under 42 U.S.C. §1983, Plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." West, 487 U.S. at 49.

Martin is a private individual who agreed to serve as an independent monitor to monitor the DOC's compliance with a

Memorandum Agreement. He is not "clothed with the authority of state law." See Reichley v. Pennsylvania Dep't of Agric., 427 F.3d 236, 244-45 (3d Cir. 2005); Biener v. Calio, 361 F.3d 206, 216-17 (3d Cir. 2004). Plaintiff's § 1983 claim against Martin, therefore, has no arguable basis in law or in fact and the Court will dismiss it as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

### IV.  APPOINTMENT OF COUNSEL

Plaintiff seeks appointed counsel. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to appointed counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within the Court's discretion to seek representation by counsel for Plaintiff "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

This case is in its initial stages and service has not yet been effected. It is this Court's practice to dismiss without

prejudice motions for appointment of counsel filed prior to service.  Based upon the foregoing, Plaintiff's request for appointment counsel is denied without prejudice, with leave to refile following service of the Complaint.

## V. CONCLUSION

For the reasons discussed above, the Court will dismiss the claims against Defendants Delaware Correctional Center Medical Department, Delaware Correctional Center Medical Grievance Committee, DCC Medical Responder to Sick Call Request Slips, DCC Inmate Grievance Committee, Contracted Health Services, Stanley Taylor, Governor Ruth Ann Minner, Office of Information on Inmate Medical Services, Joshua W. Martin, III, Jane and John Does, Dr. Levente Szalai, Dr. Raphael Caccese, Dr. Vandusen, and Guards/CO's of DCC Transportation for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  The Court will allow Plaintiff to proceed against Defendants Correctional Medical Services, First Correctional Medical, Commissioner Carl Danberg, Warden Thomas Carroll, Attorney General Beau Biden, Old Correctional Services, and Dr. Ott.  An appropriate Order will be entered.