IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

EDWARD G. WILLIAMS,                    :
                                       :
                                       :
          v.                           : Civil Action No. 07-637-JJF
                                       :
CORRECTIONAL MEDICAL SERVICES,         :
FIRST CORRECTIONAL MEDICAL,            :
DELAWARE CORRECTIONAL CENTER           :
MEDICAL DEPARTMENT,                    :
DELAWARE CORRECTIONAL CENTER           :
MEDICAL GRIEVANCE COMMITTEE,           :
DCC MEDICAL RESPONDER TO SICK          :
CALL REQUEST SLIP, DCC INMATE          :
GRIEVANCE COMMITTEE,                   :
CONTRACTED HEALTH SERVICES,            :
COMMISSIONER CARL DANBERG,             :
STANLEY TAYLOR, WARDEN THOMAS          :
CARROLL, GOVERNOR RUTH ANN             :
MINNER, ATTORNEY GENERAL BEAU          :
BIDEN, OLD CORRECTIONAL                :
SERVICES, OFFICE OF                    :
INFORMATION ON INMATE MEDICAL          :
SERVICES, JUDGE JOSHUA W.              :
MARTIN, III, JANE DOES AND             :
JOHN DOES, LEVENTE SZALAI,             :
RAPHAEL CACCESE, DR. OTT,              :
DR. VANDUSEN and GUARDS-C/O'S          :
OF DCC TRANSPORTATION,                 :
                                       :
          Defendants.                  :

**ORDER**

NOW THEREFORE, at Wilmington this 29th day of April, 2008, IT IS HEREBY ORDERED that:

   1. The Clerk of the Court shall cause a copy of this Order to be mailed to Plaintiff.

   2. Plaintiff's claims against Defendants Delaware Correctional Center Medical Department, Delaware Correctional Center Medical Grievance Committee, DCC Medical Responder to Sick

Call Request Slips, DCC Inmate Grievance Committee, Contracted Health Services, Stanley Taylor, Governor Ruth Ann Minner, Office of Information on Inmate Medical Services, Joshua W. Martin, III, Jane and John Does, Dr. Levente Szalai, Dr. Raphael Caccese, Dr. Vandusen, and Guards/CO's of DCC Transportation are **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). They are **DISMISSED** as Defendants in the case.

   3.   The Court has identified what appear to be cognizable Eighth Amendment claims against Defendants Correctional Medical Services, First Correctional Medical, Commissioner Carl Danberg, Warden Thomas Carroll, Attorney General Beau Biden, Old Correctional Services, and Dr. Ott. Plaintiff is allowed to **PROCEED** against these Defendants.

   IT IS FURTHER ORDERED that:

   1.   Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Plaintiff shall provide the Court with **original** "U.S. Marshal-285" forms for **remaining Defendants Correctional Medical Services, First Correctional Medical, Commissioner Carl Danberg, Warden Thomas Carroll, Attorney General Beau Biden, Old Correctional Services, and Dr. Ott,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to Del. Code Ann. tit. 10, § 3103(c). **Plaintiff has provided the Court with copies of the**

Complaint, Amendment Complaint, and Exhibits (D.I. 2, 6, 7) for service upon the remaining Defendants and the Attorney General. Plaintiff is notified that the United States Marshal will not serve the Complaint, Amended Complaint and Exhibits until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms for each remaining Defendant and the Attorney General within 120 days from the date of this Order may result in the Complaint being dismissed or Defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).

    2. Upon receipt of the form(s) required by paragraph 1 above, the United States Marshal shall forthwith serve a copy of the Complaint and amendments (D.I. 5, 6, 13), this Order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the Defendant(s) so identified in each 285 form.

    3. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a Defendant, the United States Marshal shall personally serve said Defendants pursuant to Fed. R. Civ. P. 4(c)(2) and said Defendants shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

    4.    Pursuant to Fed. R. Civ. P. 4(d)(3), a Defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a Defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

    5.    No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

    6.    **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous service orders entered, and service **will not take place**.  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). ***

    7.    **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

UNITED STATES DISTRICT JUDGE