IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARD G. WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 07-637 JJF |
| | : | |
| CORRECTIONAL MEDICAL | : | |
| SERVICES, et al., | : | JURY TRIAL BY 12 DEMANDED |
| | : | |
| Defendants. | : | |

### CORRECTIONAL MEDICAL SEVICES, INC.'S
### ANSWER TO COMPLAINT (D.I. 2) AND AMENDED COMPLAINT (D.I. 6)

Defendant Correctional Medical Services ("Answering Defendant"), by and through its undersigned counsel of record, for its Answer to the Complaint (D.I. 2) and Amended Complaint (D.I. 6) hereby states as follows:

Plaintiff's Complaint and Amended Complaint are drafted in narrative form and so are not subject to the typical paragraph by paragraph response. Answering Defendant responds as efficiently as possible under the circumstance, but reserves the right to amend or modify this Answer to the extent required by Plaintiff's chosen form of pleading.

To the extent Plaintiff's allegations constitute conclusions of law, no response is required. To the extent Plaintiff's allegations are directed toward parties other than Answering Defendant, no response is required. To the extent that the remaining factual allegations are consistent with Plaintiff's medical records, they are admitted; to the extent they are inconsistent, they are denied. Answering Defendant denies that it formed any policy or custom exhibiting deliberate indifference to any serious medical need. Answering Defendant provided adequate and appropriate medical care to the Plaintiff.

Answering Defendant denies all allegations of deliberate indifference, serious medical need, medical negligence or causation. Answering Defendant denies all allegations of agency and demands strict proof thereof at trial.

## ADDITIONAL DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Answering Defendant was not deliberately indifferent to any serious medical need.

3. Plaintiff fails to state a claim against Answering Defendant for medical negligence.

4. To the extent Plaintiff states a claim for medical negligence, such claim is barred by Plaintiff's failure timely to file, or seek an extension to file, an affidavit of merit pursuant to 18 *Del. C.* § 6853.

5. Plaintiff's claims are barred by the statute of limitations.

6. Answering Defendant was not acting under color of State or Federal law.

7. Plaintiff fails adequately to plead a claim for punitive damages.

8. Answering Defendant provided Plaintiff with medical care that was appropriate and adequate for his conditions and which met the applicable standard of care.

9. Answering Defendant, at all times material to the allegations in the Complaint, acted in good faith and with the reasonable belief, both objective and subjective, that its actions were lawful and not in violation of the rights of Plaintiff under the Constitution and laws of the United States and/or the State of Delaware.

10. Answering Defendant is entitled to good faith immunity.

11.     Plaintiff's claims may be barred or limited by the provisions in the United States Civil Rights Act, as discovery may show.

12.     Plaintiff's claims may otherwise be barred by 28 U.S.C. §1915.

13.     Plaintiff's claims may be barred or limited by contributory/comparative negligence.

14.     Plaintiff failed to mitigate his damages.

15.     Answering Defendant had no policy or custom demonstrating deliberate indifference to Plaintiff's alleged serious medical need.

16.     Answering Defendant is immune from liability under State law through the State Tort Claims Act, 10 Del. C. § 4001, *et seq*.

17.     Plaintiff's claims against Answering Defendant pursuant to 42 U.S.C. § 1983 are or may be barred by the inapplicability of the doctrine of respondeat superior.

18.     Plaintiff's claims are barred by failure of service, by failure of service of process, lack of subject matter and/or personal jurisdiction.

19.     Answering Defendant hereby adopts any and all additional defenses hereinafter asserted by its co-defendants.

20.     Answering Defendant reserves the right to assert additional defenses in the future to the extent warranted by discovery.

## ANSWER TO ALL PRESENT AND FUTURE CROSS-CLAIMS

21.     Answering Defendant denies all cross-claims asserted against it now or hereinafter.

WHEREFORE, Answering Defendant Correctional Medical Services, Inc. respectfully requests entry of judgment in its favor and against Plaintiff together with costs and attorneys' fees and such other relief as this Honorable Court deems just and appropriate.

         BALICK & BALICK, LLC

          /s/ James E. Drnec
         James E. Drnec, Esquire (#3789)
         711 King Street
         Wilmington, Delaware 19801
         302.658.4265
         Attorneys for Defendant
         Correctional Medical Services, Inc.

Date:   June 20, 2008

**CERTIFICATE OF SERVICE**

I, James Drnec, hereby certify that on the 19th day of June 2008, the foregoing Answer to Complaint and Amended Complaint was filed via CM/ECF and served First Class Mail upon the following:

>Edward G. Williams
>SBI# 350587
>Delaware Correctional Center
>1181 Paddock Road
>Smyrna, DE 19977

>/s/ James E. Drnec
>James E. Drnec, Esquire (#3789)