IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARD G. WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 07-637 JJF |
| | : | |
| CORRECTIONAL MEDICAL | : | |
| SERVICES, et al., | : | JURY TRIAL BY 12 DEMANDED |
| | : | |
| Defendants. | : | |

**CORRECTIONAL MEDICAL SERVICES, INC.'S**
**OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Defendant Correctional Medical Services ("CMS"), by and through its undersigned counsel of record, hereby responds in opposition to Plaintiff's Motion for Appointment of Counsel (D.I. 19) and states as follows:

1. On October 15, 2007, Plaintiff filed his Complaint (D.I. 2) Plaintiff's Complaint alleges that he did not receive the medical attention he felt he deserved for abdominal pain. (*Id.*) On November 15, 2007, Plaintiff filed an Amended Complaint which added defendants. (D.I. 6) On April 29, 2008, the Court reviewed the Complaint pursuant to 28 U.S.C. § 1915, and dismissed multiple claims and multiple defendants, but concluded that Plaintiff had adequately plead a cause of action against the above-named defendants for violation of Eighth Amendment rights through deliberate indifference to serious medical needs. (D.I. 9)

2. On July 1, 2008, Plaintiff filed his Motion to Amend Complaint (D.I. 18) and the instant Motion for Appointment of Counsel (D.I. 19) For the reasons set forth below, this Motion should be denied.

*The Standard for Appointment of Counsel in a Civil Case*

   3.  Plaintiff's Motion seeks appointment of counsel in this civil case. There is no constitutional or statutory right to counsel in a civil case. S*ee e.g., Parham v. Johnson,* 126 F.3d 454, 456-57 (3d Cir.1997). However, a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute uses the permissive "may". Accordingly, such an appointment is discretionary[1]. The Third Circuit has enumerated the factors for consideration in determining whether the appointment of counsel for an indigent plaintiff in a civil case is appropriate:

> First, the court should make a threshold determination of whether "the plaintiff's claim has arguable merit in fact and law." If the case has arguable merit, the court should proceed to consider (i) the plaintiff's ability to present his own case; (ii) the complexity of the legal issues; (iii) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (iv) the extent to which a case is likely to turn on credibility determinations; (v) whether the case will require testimony of expert witnesses; and (vi) whether the plaintiff can afford and attain counsel on his own.

*Goodrich v. Clinton County Prison*, 214 Fed.Appx. 105, 113 (3d Cir. 2007) (citing *Parham,* 126 F.3d 454, 457-58 (3d Cir. 1997) and *Tabron v. Grace,* 6 F.3d 147, 155-59, 157 n. 5 (3d Cir. 1993).

*The Court Should Not Seek to Appoint Counsel Here*

   *Whether Plaintiff's Case has Arguable Merit*

   4.  In this case, the Court need look no further than the threshold determination to find a basis to deny Plaintiff's instant Motion. The crux of the Plaintiff's claims against CMS is that he was denied surgical repair of a hernia, and that

---

[1] In the interests of candor, while the Third Circuit has found that 28 U.S.C. § 1915(e)(1) does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case, at least one district court has found the power to do so elsewhere. *See Bothwell v. Republic Tobacco Co.* 912 F.Supp. 1221, 1225 (D.Neb. 1995) (finding "inherent" power to compel an unwilling attorney to accept a civil appointment).

this denial constitutes deliberate indifference. However, as Plaintiff asserts in his Amended Complaint, the specialist upon whom CMS was relying for treatment and recommendations for Plaintiff's condition (and to whom CMS sent the Plaintiff three times), has issued an opinion that his earlier diagnosis of a ventral hernia was incorrect and that Plaintiff does not require surgery. (D.I. 6 and exhibits) This change of opinion is the basis for the claims that Plaintiff attempted to add against Dr. Szalai. Plaintiff simply cannot prevail on the facts he has plead and this Motion should be denied as there is no arguable merit to his claims.

*The Plaintiff has Demonstrated the Ability to Present his Case*

5.    If the Court does find arguable merit in the Plaintiff's case, it still should deny Plaintiff's Motion, as a weighing of the *Tabron* factors set forth above does not support the appointment of counsel. Plaintiff's grasp of the legal issues and ability properly to present them is apparent from the pleadings filed thus far. The Complaint, Amended Complaint, and his motions all appear to be in the proper form and have been accepted for filing by the Court. Plaintiff has shown the knowledge and ability to present cogent argument supported by appropriate legal authority and precedent.

*The Complexity of the Legal Issues do not Favor Appointment*

6.    The legal issues here are not so terribly complex as to appear beyond Plaintiff's reckoning. The issues are simply whether the medical conditions asserted are "serious" within the context of Eighth Amendment jurisprudence and, if so, whether the defendants were "deliberately indifferent" to them. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Plaintiff has already demonstrated his ability to navigate written opinions and find the meaning sufficiently to be able to successfully draft and file his Complaint,

3

Amended Complaint, a motion for leave to file Additional Amendments, as well as the instant Motion, none of which has been rejected by the Court.

*The Facts Required to Prove his Case are Readily Available to Plaintiff*

7.  The factual investigation necessary here is not extensive, and the Plaintiff seems to be in possession of most of the relevant facts, as evidenced by his Complaint. The remaining facts necessary, if any, are likely in his medical records, which are easily obtained through written discovery.

*The Credibility Factor Does not Favor the Plaintiff*

8.  Although this case may turn on determinations of credibility, it will not so depend to any greater extent than any other case where the testimony of witnesses is presented. Credibility of witnesses is always a relevant issue. *See Parham v. Johnson*, 126 F.3d 454, 460 (3d Cir. 1997) ("While the case ultimately may have relied upon credibility, it is difficult to imagine a case that does not. Thus, when considering this factor, courts should determine whether the case was solely a swearing contest. In this instance, it does not appear to be a swearing contest. Thus, this factor alone does not encourage the appointment of counsel"). Without discovery, it is still too early to determine whether this case will be a "swearing contest".

*Whether the Case will require Testimony of Expert Witnesses*

9.  The last two *Trabon* elements may, candidly, favor the Plaintiff, but not moreso than they would favor any other indigent plaintiff seeking the appointment of counsel in a civil case. Many civil cases for negligence involving medical care require expert witnesses and, of course, any plaintiff who is found "indigent" likely cannot afford counsel on his own, if he has to pay for those services on an hourly basis. To the extent

4

Plaintiff cannot afford counsel, he is not likely to be able to afford expert witnesses, either. However, the Third Circuit has held that medical expert testimony is not required to prove an Eighth Amendment case of deliberate indifference. *See McCabe v. Prison Health Services,* 117 F.Supp.2d 443, 452 (E.D.Pa.1997) (noting that although expert testimony may be required in certain cases, "there is no general requirement in the Third Circuit that a plaintiff present expert testimony in Eighth Amendment deliberate indifference cases") (citing *Boring v. Kozakiewicz*, 833 F.2d 468 (3d Cir. 1987). Because it is not yet clear that expert medical testimony will even be required in this case, this factor cannot militate in favor of Plaintiff.

*Plaintiff has Failed to Show that he Cannot Afford or Attain Counsel on his own.*

10. Plaintiff has not shown the Court that he has made any effort on his own to secure counsel. Instead he merely asks the Court to give to him what is not promised to any private citizen – legal representation in a civil case for money damages. Putative personal injury plaintiffs outside the prison walls must search for counsel, going door to door until they find an attorney who is willing to accept the case, usually on a contingent fee basis. Typically, all costs are borne by the law firm until some recovery is made, and so the plaintiff's means are not preclusive to representation. In this way, the indigent have the same access to legal representation as non-indigent persons. So, too, do prisoners have access to private representation. Although denied the ability to go "door to door", they nonetheless have the ability to contact law firms by mail or telephone to seek counsel and, assuming his case has merit, plaintiff can attain counsel on the same basis as every other citizen. Plaintiff has failed to show how his circumstance prevents

5

him from attaining counsel in this circumstance and this factor cannot be weighed in his favor.

Because the Plaintiff's claims lack arguable merit, and because the balancing of the *Trabon* and *Goodrich* factors does not favor appointment of counsel here, Plaintiff's Motion should be denied.

WHEREFORE, for the foregoing reasons, defendant respectfully requests Plaintiff's Motion for Appointment of Counsel be denied.

BALICK & BALICK, LLC

    /s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant
Correctional Medical Services, Inc.

Date: July 25, 2008

**CERTIFICATE OF SERVICE**

    I, James Drnec, hereby certify that on the 25th day of July 2008, the foregoing Correctional Medical Services, Inc.'s Opposition to Plaintiff's Motion for Appointment of Counsel was filed via CM/ECF and served First Class Mail upon the following:

> Edward G. Williams
> SBI# 350587
> James T. Vaughn Correctional Center
> 1181 Paddock Road
> Smyrna, DE 19977

                     /s/ James E. Drnec
                James E. Drnec, Esquire (#3789)