IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD G. WILLIAMS, | : |
| | : |
| v. | : Civil Action No. 07-637-JJF |
| | : |
| CORRECTIONAL MEDICAL SERVICES, | : |
| FIRST CORRECTIONAL MEDICAL, | : |
| COMMISSIONER CARL DANBERG, | : |
| WARDEN THOMAS CARROLL, | : |
| ATTORNEY GENERAL BEAU BIDEN, | : |
| OLD CORRECTIONAL SERVICES, | : |
| and DR. OTT, | : |
| | : |
| Defendants. | : |

### MEMORANDUM AND ORDER

Pending before the Court are Plaintiff's Motion For Leave To Amend, Request For Counsel, Motion To Subpoena And To Amend, and Motion For Preliminary Injunction. (D.I. 18, 19, 29, 31, 60.)

### I. BACKGROUND

Plaintiff Edward G. Williams ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JCC"), filed this lawsuit. He appears pro se and has been given leave to proceed without prepayment of fees.

### II. PENDING MOTIONS

**A. Motion To For Leave To Amend**

Plaintiff moves to supplement his pleadings with exhibits that support his allegations. (D.I. 18.) "After amending once or after an answer has been filed, the plaintiff may amend only

with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Court will grant the Motion.

   B.  **Request For Counsel**

Plaintiff requests counsel on the grounds that he does not have the ability to present his own case, he is unskilled in the law and the legal issues are complex, the case may turn on credibility determinations, expert witnesses will be necessary, he cannot afford retained counsel, counsel would serve the best interests of justice, and if proven, his allegations will establish a constitutional violation. (D.I. 19.)

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the Court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably

meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including: (1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the Court is not persuaded that the request for is warranted at this time. Plaintiff has demonstrated an ability to present his claims, he has filed numerous motions, and thoroughly explained his medical condition. There is no evidence that prejudice will result in the absence of

counsel, and therefore, the Court will deny without prejudice the Request For Counsel.  (D.I. 19.)

    **C.  Motion To Subpoena And To Amend**

Plaintiff received a notice from the Clerk of Court that a USM-285 form issued to Correctional Medical Services was returned "unexecuted."  (See D.I. 25.)  Plaintiff was not provided with a copy of the unexecuted USM-285 and, in the event that Defendant Sherell Ott ("Ott") is the unserved Defendant, he asks that her address be provided to the U.S. Marshal Service.  (D.I. 29.)  He also requests an Order providing him with the home or employer addresses of all unserved Defendants.

The unexecuted USM-285 was issued to Defendant Old Correctional Medical Services Jane & John Does, not Ott.  Ott has authorized her attorney to accept service on her behalf.  (D.I. 30.)  Other than the USM-285 filed at D.I. 25, there are no other entries on the Court docket that USM-285 forms were returned unexecuted.  Therefore, the Court will deny the Motion.

    **D.  Motions For Preliminary Injunction**

Plaintiff moves for injunctive relief to:  (1) prevent his death, (2) prevent further daily suffering due to pain from his abdominal hernia; and (3) prevent him from suffering bloody bowel movements, constipation, painful hemorrhoids, strangulation of hernia, and gangrene which can cause his death.  (D.I. 31.)

Plaintiff recently filed an Emergency Motion For Preliminary Injunction seeking similar relief. (D.I. 60.) Plaintiff argues that he has been denied abdominal hernia repair and hemorrhoid surgery since October 17, 2005.

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" Id. (citations omitted).

CMS argues that injunctive relief is not warranted noting that Dr. Szalai, who has treated Plaintiff for several years, no longer recommends surgery. (D.I. 33.) "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. Harrison v. Barkley, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not

pursued on the inmate's behalf. Estelle v. Gamble, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Documents submitted by CMS indicate that Plaintiff's medical condition has been continually treated and monitored. It is true that at one time surgery was recommended. However, Dr. Szalai's medical reports of November 2007, January 2008, and March 2008 no longer recommended surgery. (D.I. 33, ex. A.) The January 2008 report specifically finds that "because of [Plaintiff's] multiple prior abdominal operations, any further operation would carry a significant risk." (Id.) In his March 2008 report, Dr. Szalai states that he does not believe that surgery would be helpful in terms of Plaintiff's symptoms. (Id.)

Plaintiff's condition continues to be monitored and in November 2008 he under went an endoscopy that revealed Barrett's esophagus, a hiatus hernia, gastritis, and a normal duodenum. (D.I. 60, ex.) No surgery was recommended. Plaintiff also had a colonoscopy in November 2008. (Id.) Again, no surgery was recommended.

Given the exhibits submitted to the court, Plaintiff has not demonstrated the likelihood of success on the merits. The

records indicate that he has received, and continues to receive, care for his medical condition. The medical records indicate that his medical condition is being monitored. Finally, Dr. Szalai's reports indicate that, should Plaintiff undergo the surgery in question, there is "significant risk" to Plaintiff. It is evident that Plaintiff disagrees with Dr. Szalai's opinion and treatment. Regardless, there is no indication that, at the present time, Plaintiff is in danger of suffering irreparable harm. He has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief. For the foregoing reasons, the Court will deny the Motion For Preliminary Injunction. (D.I. 31.)

### III. CONCLUSION

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion To Amend is **GRANTED**. (D.I. 18.) Plaintiff shall file the supporting exhibits within **twenty-one (21)** days from the date of this Order.

2. Plaintiff's Request For Counsel is **DENIED without prejudice**. (D.I. 19.)

3. Plaintiff's Motion To Subpoena And To Amend is **DENIED**. (D.I. 29.)

    4.  Plaintiff's Motions For Preliminary Injunction are
**DENIED**.  (D.I. 31, 60.)

```
   1-29-09                              /s/ Joseph J. Farnan
   DATE                          UNITED STATES DISTRICT JUDGE
```