# Exhibit A

RELEASE AND SETTLEMENT AGREEMENT
BY AND BETWEEN
EDWARD G. WILLIAMS AND CORRECTIONAL MEDICAL SERVICES, INC.

AND NOW, on this 3RD day of September, 2009, EDWARD G. WILLIAMS ("Releasor") and CORRECTIONAL MEDICAL SERVICES, INC. ("Releasee") hereby knowingly and voluntarily enter into this Release and Settlement Agreement ("Agreement") and intend to be bound thereby.

WHEREAS, RELEASOR having made claims against RELEASEE and its employees in the United States District Court for the District of Delaware, Case No. 07-637 JJF (the "Legal Action"); and

WHEREAS, the Parties to this Agreement hereby wish for themselves and on behalf of their agents, independent contractors, heirs, officers, directors, insurers, predecessors, subsidiaries, members, parent and sister corporations, successors and assigns, to forever resolve the complaints, allegations, and disputes in the Legal Action and wish to reach a final settlement and compromise between and among themselves with respect to the claims in that action;

## COVENANTS AND RELEASE OF CLAIMS

NOW THEREFORE, in consideration of the mutual promises set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, RELEASOR and RELEASEE agree as follows:

1. RELEASOR will dismiss with prejudice all claims he has brought against RELEASEE in the Legal Action by executing the Stipulation of Dismissal attached hereto as Exhibit "A"; and

2. RELEASEE shall make a one-time only payment to RELEASOR in the amount of $ 15,000.00 (FIFTEEN THOUSAND & 00/100 ). Neither payment of this sum nor any other consideration granted herein by RELEASEE constitutes an admission of liability for the acts or omissions alleged in the Legal Action; liability therefore is strictly disputed.

3. RELEASOR for himself and his heirs, executors, administrators, successors, agents, attorneys and assigns and all parties in privity, hereby unconditionally releases and forever discharges RELEASEE and its administrators, independent contractors, successors, assigns, employees, agents, officers, directors, attorneys and insurers and all parties in privity therewith, from any and all claims, demands, causes of action, and suits, at law, in equity or otherwise, costs, obligations, damages, and liabilities of every kind and description whatsoever, state or federal, known or unknown, suspected or unsuspected, whether or not concealed or hidden, which RELEASOR and his heirs, executors, administrators, successors, assigns, agents, attorneys and all parties in privity therewith, have brought or could have brought in the Legal Action. This Settlement does not, however, act to preclude RELEASOR from pursuing, litigating or protecting his legal rights in the future based on alleged acts or omissions occurring on or after the date of this Agreement.

4. Ownership of claims released. RELEASOR warrants and represents that he is the sole owner of all claims asserted in the Legal Action; that no other person or entity has any interest in the claims released in this Agreement, and that he has the sole right and exclusive authority to settle and resolve such claims, to execute this Agreement, and to receive the settlement funds specified herein; and that he has not sold, assigned,

RELEASEE SHALL MAKE ITS BEST EFFORT TO HAVE RELEASOR SEEN BY A SURGICAL CONSULTANT WITHIN 30 DAYS, AND RELEASOR SHALL BE SEEN BARRING ANY UNFORESEEN CIRCUMSTANCES BEYOND RELEASEE'S CONTROL

transferred, conveyed, or otherwise disposed of any such claims. RELEASOR agrees to indemnify and hold harmless RELEASEE from any third party claims.

5.   Acknowledgments, warranties, and representations. Each Party acknowledges it has read and understands the effect of the terms and conditions set forth herein, has had advice of Counsel if desired, or the opportunity to obtain advice of counsel, and executes this Agreement of its own free will and accord for the purposes and conditions set forth herein. Each Party warrants and represents that it has the full right and authority to enter into this Agreement, that the person signing this Agreement has the full authority to bind it, its officers, directors, partners, members, joint ventures, associates, agents, employees, attorneys, insurers, sureties, related and affiliated partnerships and corporations, predecessors, successors and assigns and interests, to the provisions herein.

6.   Confidentiality. The parties mutually agree that the terms and conditions of this settlement, including the fact or amount of any payments made hereunder shall remain strictly confidential and shall not be disclosed or made known to any third person or party unless such disclosure is required by law. It is further understood and agreed and made part hereof, that the parties mutually agree that they will not in any way publicize or cause to be publicized to any third party, or any news or communications media, the amount, terms or conditions of this settlement. If, for any reason, the undersigned or their attorneys or representatives must file a court document concerning this settlement, they shall take all reasonable steps to make sure that the document is not disclosed to anyone, other than court personnel, and further, they shall redact all information regarding any payments made according to this settlement. However, the parties recognize that CMS may, from time to time, be required to disclose information about

this settlement and the terms and conditions thereof, during the normal course of its business. Such disclosures will not be considered to breach this provision. If otherwise asked about this case and how it was resolved, both parties are instructed that they shall answer that "the case was resolved by agreement of the parties". This paragraph is intended to become part of the consideration for settlement of this claim and the Parties agree that violation of this clause, other than as expressly set forth herein, is grounds for money damages as well as injunctive relief against further disclosures in violation of this clause.

7. Merger clause. This Agreement constitutes the full and complete agreement among the Parties with respect to the matters contained herein. The Parties hereby acknowledge and agree that all agreements among the Parties hereto and pertaining to the subject matters hereof are hereby merged into and are expressly set forth in this Agreement.

8. Governing provisions. If, after the date hereof, any provision of this Agreement is held to be illegal, invalid, or unenforceable under present or future laws, such provision shall be fully severable. In lieu thereof, there shall be added a provision as similar in terms to such illegal, invalid, or unenforceable provision as may be possible and be legal, valid, and enforceable. The validity, construction, and interpretation of this Agreement shall be governed by the substantive laws of the state of Delaware.

9. Miscellaneous provisions. This Agreement shall be construed without regard to any presumption or other rule requiring a construction against the party or parties who caused it to have been drafted. All titles, headings, and captions used in this Agreement have been intended for administrative convenience only and do not constitute matters to

be construed in interpreting this Agreement. This Agreement may be signed in counterparts, each of which will be considered an original.

_____
EDWARD G. WILLIAMS
RELEASOR

_____
Witness

_____
JAMES E. DRNEC (DE ID# 3789)
For RELEASEE

_____
Witness