IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Edward G. Williams SBI#350587 Vs. C.M.S., et.al., Civ. Act. No. 07-637-JJF

Motion For Amendment Pursuant to *Rule 15 Amend To Motion To Reopen Or Set Aside Settlement of 9.3.09

Your Honor the 9-3-09 Settlement should not be enforced because C.M.S. Attn. Mr. James E. Drnec used deception to get me to sign it on two different dates 9-3-09 Mr. DRNEC said he only represents C.M.S., Inc's. Than on 9-7-09 Mr. DRNEC came back and had me sign some Papers he said he forgot to have me sign.

On pg. 3 of Defts., C.M.S., Inc's Opposition To Plaintiff's Motion To Reopen or Set Aside Settlement Statement of Facts point #4. Counsel then - produced the Settlement Agreement 1 attached hereto as Exhibit "A". Foot Note #1 Mr. DRNEC admits: "The State Defendants were not included in the Settlement Agreement because a) they were not contributing to the Settlement funds; and b) including them could destroy Confidentialty by Subjecting the document to FOIA requests". Dated: Nov. 9, 2009 of Mr. Drnec Motion Opposition to Plaintiff Motion To Reopen Or Set Aside Settlement....

Point #5 Mr. Drnec states : "When Counsel returned to his office, he realized that he had failed to include a signature block for Counsel for the State Defendants on the Stipulation of Dismissal." This shows Mr. Drnec planned to trick me into signing and did when he admits to it that the State's Defendants are not in the

Settlement Agreement as point #4 Footnote 1 of pg. #3 of "Mr. DRNEC", Deft. C.M.S. Inc's Opposition to Plaintiff Motion To Reopen or Set Aside Settlement: FootNote #1 "The State Defendants were not included in the Settlement Agreement because a) they were not Contributing to the Settlement funds; and b) including them could destroy Confidentiality by subjecting the document FOIA requests."

*The above shows "Mr. Drnec" Knew he was deceitful had me sign the Settlement Agreement on 9-3-09 when he told me he Only represents C.M.S., after he had me sign it he comes Back days later on 9-7-09 saying he Forgot to have me sign some papers; When he Knew that the State's Defendants were not included in the 9-3-09 Settlement Agreement because a) they were not Contributing to the Settlement funds; and b) including them could destroy Confidentiality by subjecting the document to FOIA requests."

"Mr. Drnec" wants it both ways to have a Settlement Agreement of 9-3-09 by not including the State's Defendants in the Settlement Agreement but doubles back on 9-7-09 and has me sign papers as if they are in the Settlement agreement, Misrepresents Justice and its Fundamental Fairness, thus this Honorable U.S. Distr. Ct. for the Distr. of Del, The Honorable U.S. Distr. Ct; Judge Joseph J. Farnan Jr. Should by law deny enforcement of such a Deceptive gotten Settlement Agreement of 9-3-09 & 9-7-09...
*Signed Plaintiff: Edward G. Williams   Date: 11-22-09

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARD G. WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 07-637 JJF |
| | : | |
| CORRECTIONAL MEDICAL | : | |
| SERVICES, et al., | : | JURY TRIAL BY 12 DEMANDED |
| | : | |
| Defendants. | : | |

### DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN OR SET ASIDE SETTLEMENT

Defendant Correctional Medical Services, Inc. ("CMS") by and through its undersigned counsel of record, hereby responds in opposition to Plaintiff's Motion to Reopen or Set Aside Settlement (D.I. 110, 111) ("Motion to Re-Open"), and states the following:

*Statement of Facts*

1.  As the Court may recall, Plaintiff was seen by surgeon Dr. Szalai in October 2005, and in March and August of 2007. Dr. Szalai diagnosed Plaintiff with a ventral abdominal hernia and recommended surgery, which was not done. Plaintiff was seen again by Szalai in November and December 2007, January and March 2008 and January and March 2009. He was seen by Dr. Szalai's partner, Dr. Newell, in May 2009. After every visit, beginning in November 2007, Szalai's (and now Newell's) opinion is the opposite: Plaintiff does not require surgical intervention.

2.  On August 27, 2009 the undersigned met with Plaintiff at James T. Vaughn Correctional Center ("JTVCC") to discuss resolution of the above-captioned

action. The parties agreed that at the center of the dispute was the question as to which of Dr. Szalai's diagnoses was correct: his initial diagnosis of a ventral abdominal hernia which required surgery; or his subsequent diagnosis of an abdominal wall laxity which did not require surgery. As part of the discussion, the undersigned made the following proposal to Plaintiff: that Plaintiff would be sent to another surgical practice for evaluation and that the recommendation of that surgeon would be followed. However, before the surgeon's opinion was to be known, the parties would agree to settle this lawsuit by a single payment to Plaintiff by CMS in an amount certain. The undersigned told Plaintiff that this settlement would end his lawsuit and that this was an "all or nothing" proposition. The undersigned told Plaintiff that, under these circumstances, the case had to be resolved before Plaintiff saw the new surgeon, because that opinion would likely turn the case in one direction or the other. The undersigned further represented to Plaintiff that CMS might be interested in a settlement which would reflect the prospective cost of litigation and asked Plaintiff to give that some consideration and that counsel would return the following week. At no time during this conversation did Plaintiff appear mentally compromised or unable to understand and participate meaningfully in the conversation. In fact, he negotiated ably.

   3  On Thursday, September 3, 2009 counsel returned to JTVCC to meet again with Plaintiff. Because Plaintiff had been placed in segregation, the meeting took place through a glass partition. Plaintiff and the undersigned discussed further the parties' desire to resolve the dispute. After some lengthy discussion about an appropriate settlement amount, Plaintiff agreed to accept $15,000.00 in full and final satisfaction of all his claims. It was again explained to Plaintiff that if he accepted this sum, the above-

captioned suit would come to an end. Plaintiff explained to counsel that he owed certain sums to the State for fees, fines and restitution arising from his criminal conviction which amounted, by Plaintiff's estimation, to approximately $10,000.00. Plaintiff voiced some concern over having his settlement funds diminished and counsel stated that he would provide the funds to Plaintiff and that it would be up to Plaintiff to handle his debts to the State.

4. Counsel then produced the Settlement Agreement[1] attached hereto as Exhibit "A." Holding each page up to the glass between them, counsel explained the meaning of each paragraph and asked whether Plaintiff had any questions. He did not. Counsel also held a copy of a Stipulation of Dismissal to the glass and explained its meaning. (Exhibit "B") Plaintiff agreed to sign both documents and did so. (Exhibit A, B)

5. When counsel returned to his office, he realized that he had failed to include a signature block for counsel for the State Defendants on the Stipulation of Dismissal. On Monday, September 7, 2009 counsel returned to meet again with Plaintiff to obtain his signature on the revised Stipulation of Dismissal. Counsel again explained that Plaintiff's settlement with CMS would mean the dismissal of all claims against all parties and Plaintiff again agreed to the settlement and signed the revised Stipulation of Dismissal. (Exhibit "C")

6. On September 13, 2009 Plaintiff wrote to counsel to state that he had seen the surgeon as promised by CMS and he voiced his approval of his situation. (Exhibit

---

[1] The State Defendants were not included in the Settlement Agreement because a) they were not contributing to the settlement funds; and b) including them could destroy confidentiality by subjecting the document to FOIA requests.

3

I/M Edward G. Williams
SBI# 00-350587   UNIT 22 B-9-L
JAMES T. VAUGHN CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal mail

U.S. DISTR. Ct. FOR THE DISTR. of DE
OFFICE OF CLERK
844 N. King St. LockBox 18
Wilm, Delaware
19801